THE STATE, *Appellant*, v. FORD.

**Justice's Jurisdiction**: CIVIL ACTION TO RECOVER FINES. A statute which provides that in certain cases fines may be recovered by civil action to the use of the county before a justice of the peace, (Wag. Stat., § 29, p. 516,) does not authorize a proceeding before a justice of the peace founded on an affidavit charging, not a pecuniary liability, but a criminal offense, on which a warrant is issued, and the defendant is arrested and forcibly taken before the justice and fined. Such a proceeding is not a civil action.

*Appeal from Jasper Court of Common Pleas.*—HON. E. O. BROWN, Judge.

AFFIRMED.

*J. L. Smith*, Attorney-General, for the State.

The form of the proceeding adopted in this cause may be *quasi* criminal, but as any fine which may be collected goes into the county school fund (Const. Art. 11 § 12) the form is immaterial, and as the cause of action, if it may be so called, exists by reason of the commission of a crime, it is hard to understand how the form of procedure could be different. It will be perceived from the judgment rendered by the justice of the peace herein that it was not treated as a criminal proceeding proper. It was by him " adjudged that the defendants pay as a fine five dollars each." There is no judgment as in other criminal proceedings that the " defendants stand committed until said fine and

costs are paid." It was evidently intended as a proceeding under the twenty-ninth section above quoted, and as such the justice clearly had jurisdiction thereof, and the court erroneously sustained the motion to dismiss.

HOUGH, J.—On the 21st day of November, 1876, the defendants were arrested and subsequently tried before a justice of the peace under the statute making it a misdemeanor to willfully disturb the peace of any person or neighborhood, and were adjudged to pay a fine of five dollars each, Wag. Stat. 496, § 27. An appeal was taken to the common pleas court, where the proceeding was dismissed on the ground that the justice had no jurisdiction. Section 29, Wag. Stat. p. 516 provides that when any offense is punishable by fine only and such fine is limited to $100, the same may be recovered by civil action, to the use of the county, before any justice of the peace of the county in which the offense was committed.

The only question presented for our determination is, whether the present proceeding is a civil, or a criminal one. This question must of course be determined by the form of the proceeding. The civil action authorized by the statute, is a suit to the use of the county, against the defendant. The present proceeding is founded upon the affidavit of one Wm. Thompson, that the defendants had unlawfully and willfully disturbed him and others, by loud and unusual noise and by loud and offensive conversation, "contrary to the statute in such case made and provided and against the peace and dignity of the State." Upon this affidavit a warrant was issued by the justice, under which the defendants were arrested and brought before him and fined. A proceeding in which no pecuniary liability is averred, but in which a criminal offense is charged and wherein a warrant is issued under which the defendants are arrested and forcibly taken before the officer issuing it, cannot be regarded as a civil action. We cannot give our

sanction to this mode of proceeding under a statute which only authorizes a civil action to the use of the county. The judgment is affirmed. All concur.